

FILED _____ LODGED
_____ RECEIVED

JUL 1 1 2003

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
                                          DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| DEVIELLE JOHNSON, | ) | NO. C03-5386 RBL |
| Plaintiff, | ) | **COMPLAINT** |
| v. | ) | |
| BOYS AND GIRLS CLUBS OF SOUTH PUGET SOUND, | ) | |
| Defendant. | ) | |

## I. JURISDICTION AND PARTIES

1. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1231 and 28 U.S.C.§1343(4).

2. Plaintiff, Devielle Johnson, at all times relevant was employed for Defendant Boys and Girls Clubs of Pierce County.

3. Defendant, Boys and Girls Clubs of South Puget Sound formerly known as Boys and Girls Clubs of Pierce County, is a nonprofit corporation that conducts business in Pierce County, Washington. Defendant employs more than 50 employees.

## II. FACTUAL BACKGROUND

1. At the time of Plaintiff's termination, Plaintiff was employed as a BOTT Lab

COMPLAINT - 1

Law Offices of
**Mann, Johnson, Wooster & McLaughlin, P.S.**
820 A STREET, SUITE 550
TACOMA, WASHINGTON 98402
(253) 572-4161 Tacoma
(253) 838-1154 Seattle
(253) 572-4167 Facsimile

03-CV-05386-CMP

1  Manager at the Gonyea Branch of the Boys and Girls Club. Previously, Plaintiff had held the
2  position of Director of Athletics for the Defendant at the Gonyea Branch.

3      2.    Plaintiff worked for Defendant from September, 1995 until he was terminated on
4  January 13, 2003.

5      3.    Plaintiff is African American and was the only African American employee at the
6  Gonyea branch with a consistent tenure. Mr. Johnson is a graduate of the University of Puget
7  Sound with a double major in communications and theater arts. Mr. Johnson has also has a
8  graduate degree from Clover Park Technical College in media design and technology.

9      4.    Mr. Johnson had previously applied for the position of Director of Multi-Media
10 Production. Mr. Johnson provided the club with the an exhaustive listing of the equipment needs
11 for the program. Mr. Johnson was the only employee at the Boys and Girls Club with the necessary
12 credentials for the job. Rather than evaluate Mr. Johnson's credentials for the position, Gary
13 Yazwa, the executive director and Rick Anderson, the Director of Operations took Tommy Curry,
14 the Athletic Director at the Al Davies branch to a Mariners baseball game and discussed whether
15 they could give Mr. Johnson the position but pay Mr. Johnson a reduced salary than budgeted for
16 the position. Mr. Curry informed them he felt Mr. Johnson should be paid the proper salary for the
17 position. They there after hired a white male with no prior club affiliation. When the position
18 reopened after the employee hired abandoned the position, Mr. Johnson again applied but the
19 position was given to another white male with no prior club affiliation.

20     5.    Mr. Johnson was then offered the position as the Bott Lab Director at Gonyea to
21 teach the children various computing skills and work with the computers. Mr. Johnson was given
22 a letter purporting to change the terms and conditions of his employment.

23     6.    Prior to this event Mr. Johnson had objected to racially inappropriate behavior by
24 Gene Anderson, Director of the Gonyea Branch of the Boys and Girls Clubs. Mr. Anderson had

COMPLAINT -2

Law Offices of
Mann, Johnson, Wooster & McLaughlin, P.S.
820 A STREET, SUITE 550
TACOMA, WASHINGTON 98402
(253) 572-4161 Tacoma
(253) 838-1154 Seattle
(253) 572-4167 Facsimile

objected to the use of the Gonyea gym by the members of the Al Davies branch which has a greater percentage of minorities. Mr. Anderson questioned, "Why do you people have to be so loud." Mr. Anderson grabbed an empty video camera and pretended to be filming parents cheering the game because he thought they were too boisterous. He took a still photograph of a mother cheering and sent it to other staff members asking if this is what the Boys and Girls club is about implying negative implications of a black woman yelling loudly in support of her daughter's athletic performance.

7. Mr. Anderson told Mr. Johnson and a co-worker: "I do not understand the way black people act, maybe I don't, I cannot talk to them, I do not understand your culture." Mr. Johnson informed Mr. Anderson that: "Maybe you shouldn't be a branch director if you cannot understand different cultures." Mr. Anderson made the same statement again during basketball season. Mr. Johnson simply pointed out that "African Americans are expressive and get excited about the success of our kids."

8. Mr. Johnson developed a curriculum for the program which included a Key Tech program that won him national recognition in the Boys and Girls Club. Mr. Johnson had the highest level of usage of the computer lab of any of the local boys and girls club and had a dedicated staff working on advancing computer skills.

9. On January 13, 2003, Mr. Johnson was fired, the alleged reason was a "lack of commitment to the Bott Lab program."

10. The Boys and Girls Club has an employee handbook that reflects a firmly established progressive discipline policy and a requirement of cause for termination.

11. There had been no steps at progressive discipline or any attempt to convey any deficiency in Mr. Johnson's performance.

12. Rick Guild, the Director of Operations; John Franich, Chief Technology Officer and

COMPLAINT -3

Law Offices of
Mann, Johnson, Wooster & McLaughlin, P.S.
820 A STREET, SUITE 550
TACOMA, WASHINGTON 98402
(253) 572-4161 Tacoma
(253) 838-1154 Seattle
(253) 572-4167 Facsimile

Gene Anderson communicated about the firing. They created a document back dated October 16, 2002 purporting to raise concerns about Mr. Johnson's performance. Rick Guild instructed Mr. Franich and Mr. Anderson to "Make sure all font style is the same..." The letter had never been shown to Mr. Johnson.

13. Mr. Anderson had attempted to fire another African American who headed up the aquatic program using as his reason: "a lack of commitment" to the program. However, that employee presented expert evidence that his numbers of participation were outstanding and he was reinstated.

14. It is asserted that the reason Mr. Johnson was fired was because of his race. There has been disparate treatment of African American employees at the Boys and Girls Clubs of Pierce County. This is reflected in the hiring, terms and conditions of employment and firing. The Club purports to advance the interest of minority children, yet does not apply that philosophy in its treatment of employees.

15. The Club has a policy for grievance resolution. Because Mr. Guild was involved in the actions that were believed to be inappropriate, it was requested that the grievance proceed immediately to step 2 for a meeting with Mr. Yazwa so he could see and hear the evidence.

16. When Gary Yazwa met with Mr. Johnson and counsel, Mr. Yazwa refused to hear or examine any of Mr. Johnson's evidence. His demeanor was rude and hostile. He told Mr. Johnson that he would do nothing and if Mr. Johnson didn't like it he could take it up with the Personnel Committee.

17. Defendants actions were taken because of Plaintiff's race and Plaintiff's opposition to the racially insensitive and discriminatory behavior of Gene Anderson.

18. As a result of the Defendant's conduct Plaintiff has suffered substantial damages, including but not limited to, emotional distress, loss of professional standing, destruction of personal

COMPLAINT -4

Law Offices of
Mann, Johnson, Wooster & McLaughlin, P.S.
820 A STREET, SUITE 550
TACOMA, WASHINGTON 98402
(253) 572-4161 Tacoma
(253) 838-1154 Seattle
(253) 572-4167 Facsimile

relationship and damages from observing the adverse impacts of this unlawful conduct upon his children who continued to participate as members of the Boys and Girls Club.

19. The conduct of the Defendant through its Chief Executive Officer and other managers involved in the termination and cover up was done with malice and deliberate or reckless disregard for the federally protected rights of the Plaintiff.

### III. CAUSES OF ACTION AND PRAYER FOR RELIEF.

1. The conduct of Defendant violates Plaintiffs violated his civil rights under Washington law RCW 49.60, et seq. and the Civil Rights Act of 1964, Title VII, 42 USC §2000e et seq., as amended by the Civil Rights Act of 1991 and 42 U.S.C. §1981.

2. The Defendants conduct breached the Plaintiffs terms and conditions of employment upon which the Plaintiff justifiably relied.

WHEREFORE, Plaintiff prays for judgment as follows:

1. General and Special Damages in an amount proven at trial.
2. Punitive Damages as permitted by law.
3. Cost and attorneys fees as provided by statute and the common law, including 42 U.S.C. § 1988 and 49.60.030 and such other provisions as allowed for attorney's fees and cost awards.
4. That these pleadings be deemed to conform to the proof presented at the time of trial.
5. That the Plaintiffs be granted leave to amend these pleadings to assert such additional claims and/or defendants as may be disclosed through discovery.
6. That this Plaintiff be acknowledged as potential class Plaintiff and/or representatives and afforded the opportunity to act as class Plaintiff for all such similarly situated employees and that all similarly situated Plaintiffs joining this action either through class certification or intervention

COMPLAINT -5

Law Offices of
Mann, Johnson, Wooster & McLaughlin, P.S.
820 A STREET, SUITE 550
TACOMA, WASHINGTON 98402
(253) 572-4161 Tacoma
(253) 838-1154 Seattle
(253) 572-4167 Facsimile

have such actions relate back to the date of these pleadings.

7. For such other and further relief in favor of Plaintiff as the court deems just and equitable.

DATED this 8th day of July, 2003.

MANN, JOHNSON, WOOSTER
& McLAUGHLIN, P.S.

_____
RICHARD H. WOOSTER, WSBA #13752
Attorney for Plaintiff

COMPLAINT -6

Law Offices of
Mann, Johnson, Wooster & McLaughlin, P.S.
820 A STREET, SUITE 550
TACOMA, WASHINGTON 98402
(253) 572-4161 Tacoma
(253) 838-1154 Seattle
(253) 572-4167 Facsimile